**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Boyd Lee BYLAS, Defendant–Appellant.**

No. 02–10388.

D.C. No. CR–01–01113–RGS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2003.

Decided June 24, 2003.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before GRABER, WARDLAW, and BYBEE, Circuit Judges.

MEMORANDUM*

Defendant Boyd Bylas appeals the district court's upward departure and sentence, 18 U.S.C. § 3742(e), following his guilty plea to two counts of assault with a dangerous weapon within the confines of an Indian reservation, 18 U.S.C. §§ 1153, 113(a)(3). We need not decide whether our review is now *de novo,* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PRO-TECT Act), Pub.L. No. 108–21, § 401(d)(2), 117 Stat. 650, 670 (amending 18 U.S.C. § 3742(e)), or is still abuse of discretion, because by definition a district court abuses its discretion when it makes an error of law, *Koon v. United States,* 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). As we will explain, here the district court made two errors of law.

First, the Defendant argues that the district court improperly departed by offense levels to reflect his underrepresented criminal history. At sentencing, the district court identified specific criminal conduct that it believed was inadequately represented, but failed to refer to a new criminal history category as the basis for its sentence. Instead, it simply increased the Defendant's offense level from twenty-two to thirty-four at a criminal history category of two. We conclude that the district court erred when it departed by offense levels to reflect the Defendant's underrepresented criminal history. U.S.S.G. § 4A1.3 (2001); *United States v. Martin,* 278 F.3d 988, 1003 (9th Cir.2002).

Second, the Defendant challenges the district court's "extreme conduct" upward departure, and the extent of that departure, pursuant to U.S.S.G. § 5K2.8 (2001). In support of the departure, the district court cited the Defendant's refusal to assist the victim in receiving medical attention and the victim's humiliating state of undress following the assault.

■ We cannot assess the reasonableness of the extent of the "extreme conduct" departure on this record because the district court cumulatively considered both the Defendant's "extreme conduct" and underrepresented criminal history. On count four, the only count for which the Government requested an "extreme conduct" departure, the district court sentenced the Defendant to 120 months, more months of incarceration than it could have imposed if it had relied only on a horizontal criminal history departure. Because the district court failed to explain what extent of the departure was attributable to the Defendant's "extreme conduct," as distinct from his criminal history, we cannot review the reasonableness of the extent of the district court's "extreme conduct" departure. 18 U.S.C. § 3742(e)(3)(C).

The record would support a departure for the Defendant's underrepresented criminal history or for "extreme conduct" or for both, but not in the manner reflected in the district court's explanation. Therefore, we vacate the district court's sentence and remand for resentencing in accordance with 18 U.S.C. § 3742(g).

VACATED and REMANDED.